■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERTRAND WALTON and LONNIE DEGRAFINREED, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Queens County, entered June 24, 1963 after a jury trial, convicting them of burglary in the third degee and petit larceny and imposing sentence. Defendants also seek review of an order of said court, entered April 16, 1963, which denied after a hearing their motion to suppress evidence on the ground that it was obtained as the result of an illegal search and seizure. Action remitted to the trial court for further proceedings in accordance with this decision. In the interim, the pending appeal will be held in abeyance. It appears from the testimony that in response to a radio call, policemen in a patrol car responded to the scene of a burglary, listened to a witness' description of the two burglars, and immediately turned about and apprehended the two defendants on the street around the corner from the scene of the robbery. One officer questioned and frisked the defendants and then detained them while the police car was driven back to the scene of the burglary at which the witness positively identified the defendants as the burglars. They were then arrested and searched, which resulted in production of evidence. But prior thereto and during the course of the frisk a flashlight was seized from the person of one defendant and a nail file from the person of the other. These two objects are the subjects of the motion to suppress. Involved are issues of probable cause warranting a search (*Carroll* v. *United States,* 267 U. S. 132; *Brinegar* v. *United States,* 338 U. S. 160; *People* v. *Malinsky,* 15 N Y 2d 86), or, alternatively, the right to seize during the course of a frisk under the belief of the questioning officer that the objects might be dangerous to him (*People* v. *Rivera,* 14 N Y 2d 441; *People* v. *Entrialgo,* 19 A D 2d 509, affd. 14 N Y 2d 733; *People* v. *Lopez,* 19 A D 2d 809; *People* v. *Hoffman,* 24 A D 2d 497). The remission is for the sole purpose of having the trial court make findings of fact

upon the issues raised by the defendants' motion to suppress evidence (cf. *People* v. *Lombardi*, 18 A D 2d 177, affd. 13 N Y 2d 1014). Such findings should be made with due regard to the fact that the ultimate burden of proof to sustain the claimed illegality of the search and seizure is upon the claimant, i.e., the defendant, even though the duty to go forward initially with the proof to support the legality of the search and the seizure may be upon the People (cf. *People* v. *Malinsky*, 15 N Y 2d 86, 91; *People* v. *Brighenti*, 16 N Y 2d 753; *People* v. *Entrialgo*, 19 A D 2d 509, affd. 14 N Y 2d 733, *supra*; *People* v. *Lombardi*, *supra*; *People* v. *Mercado*, 24 A D 2d 609). After the making of such findings, the subsequent procedure should conform to the procedure prescribed by this court in *People* v. *Bischone* (24 A D 2d 575). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.